SORONDO, J.
On August 1, 2001, Kevin Roby, petitioner, was taken into custody by the trial *190 court and ordered held without bail until time of trial. He petitions this Court for a writ of habeas corpus alleging that the trial judge revoked his bond without complying with the requirements of section 907.041(c), Florida Statutes (2000). For the reasons that follow, we grant the petition.
Petitioner was scheduled for trial. Because his attorney was sick, a motion for continuance was filed and scheduled by the court to be heard on August 1, 2001 at 8:30 a.m. All parties received proper notice. At 8:30 a.m., the attorney standing in for petitioner’s counsel of record and counsel for the co-defendant were present in court when the case was called; petitioner was not. After a brief discussion on the rescheduling of the trial, the court issued an alias/eapias for petitioner’s arrest, as he had not appeared.
On the way out of the courthouse, at approximately 8:40 a.m., stand-in counsel saw petitioner in the courthouse. He accompanied petitioner to the courtroom where petitioner was taken into custody. The judge noted for the record that petitioner had a history of tardiness, and had been warned not to be late again.
As he was being taken into custody, petitioner explained to the judge that he used public transportation to get to court and that this was always slow. He further explained that one of the conditions of his pre-trial release was house arrest. He told the judge that his pre-trial supervisor had instructed him not to leave the house before 7:30 a.m. Although this condition would probably have had little bearing on the usual 9:00 a.m. trial setting, it proved to be too restrictive for an 8:30 a.m. hearing.
Petitioner’s subsequently filed motion for release from custody was heard on August 22, 2001. The judge began the hearing by recounting what he perceived to be petitioner’s history of tardiness and his inclination to deny the motion. Defense counsel called petitioner’s mother to testify. She advised the court that petitioner’s house arrest supervisor had instructed him not to leave his house before 7:30 a.m.
Having heard from petitioner’s mother, the court said, “[t]he answer to the motion for release from custody is no.” Defense counsel had not yet argued any legal authority in support of his motion. After a brief discussion concerning a new trial date, counsel said:
[DEFENSE COUNSEL]: Your Honor, I would ask the Court to release Mr. Roby pending trial. According to Florida Statute 907.041, [sic] regarding pretrial detention, Your Honor—
THE COURT: The answer is no, counsel.
Petitioner does not challenge the propriety of the issuance of an alias/capias warrant for his arrest. His sole claim is that the trial court erred in denying his motion for release from custody without considering the requirements of section 907.041, Florida Statutes (2000). We agree.
In State v. Paul, 783 So.2d 1042, 1051 (Fla.2001), the Florida Supreme Court held that:
[A]lthough the breach of a bond condition provides the basis for revocation of the original bond, the trial court’s discretion to deny a subsequent application for a new bond is limited by the terms of [section 907.041],
The record clearly establishes that the trial court did not consider the requirements of the statute. Accordingly, we grant the petition and remand for a new hearing on petitioner’s motion for release from custody. Unless petitioner seeks additional time, this hearing will be conducted within twenty four hours of the issuance of this *191 opinion. If the hearing is not conducted within this time period, petitioner will be released from custody and restored to the conditions of pretrial release in existence on August 1, 2001.
This opinion will take effect immediately notwithstanding the filing of any motion for rehearing.
Petition granted.