PER CURIAM.
 

 John C. Perrys petitions this court for a writ of habeas corpus, contending that his continued pretrial detention under the unique facts of this case contravenes controlling statute and rule, and violates his rights under the state and federal constitutions. Although we do not find he is entitled to immediate release, we grant relief in part and hold that petitioner is entitled to notice and opportunity to be heard in the trial court.
 

 Perrys was charged with armed burglary with assault/battery, aggravated battery, and criminal mischief. Pretrial detention was originally ordered but on
 
 *741
 
 March 23, 2009, the circuit court granted a request for pretrial release. A monetary bond was required, a GPS monitor would be attached to the petitioner, and he would be confined to his parents’ home in Dade County. While in Dade County, he would be supervised by the Pretrial Services Office (PTS) in that jurisdiction. On May 6, 2009, counsel for petitioner moved to modify the conditions of pretrial release because officials in Dade County had informed counsel that a defendant who was not charged in that county could not be supervised by the PTS there. Thirteen days later, counsel emailed the presiding judge and informed him that the factual premise of the motion to modify was incorrect and that, in fact, Dade County PTS could supervise the petitioner. That same day the motion to modify conditions of pretrial release was denied and pretrial release was revoked.
 

 Petitioner argues, and we agree, that he was entitled to notice and opportunity to be heard before the trial court revoked the pretrial release that had previously been ordered, even if such release had never been effectuated. Although
 
 State v. Paul,
 
 783 So.2d 1042 (Fla.2001) is factually distinguishable from the instant case because there the defendant had been released and committed a violation, we find that the reasoning of
 
 Paul
 
 requires the result we reach. If a new hearing must be held to determine what conditions, if any, will permit pretrial release after a violation, a defendant such as petitioner, who discovers that compliance with a term of his release may be impossible, is entitled to no less.
 

 Upon consideration of the above, we grant the petition, quash the order which denied petitioner’s motion to modify pretrial release, and direct that further proceedings on the motion to modify be conducted in the lower tribunal.
 

 PETITION GRANTED.
 

 HAWKES, C.J., BARFIELD and CLARK, JJ., concur.