EMAS, J.
The defendant, Barry Ginsberg, petitions this Court for a writ of habeas corpus, asserting that his pretrial incarceration without bond is unlawful. We grant the petition for writ of habeas corpus and remand to the trial court to hold a hearing pursuant to section 907.041, Florida Statutes (2010) and Florida Rules of Criminal Procedure 3.131 and 3.132.
Oh April 29, 2010, the State of Florida (“State”) filed an information charging the defendant with DUI causing serious bodily injury; felony DUI (third or subsequent conviction); battery on a law enforcement officer; and resisting an officer with violence. At first appearance, the judge set a bond of $25,000. The defendant, unable to post the bond, requested an alternative form of pretrial release. On June 18, 2010, the trial court granted pretrial release, conditioned on twenty-four hour, electronically monitored house arrest. As a further condition of his release, the defendant was required to remain at home, and was permitted to leave only for scheduled and approved doctor appointments or to attend court. The trial court set an alternate bond of “no bond.”
On June 29, 2010, an affidavit of monitored release violation was filed, alleging the defendant left his residence without permission, and that the GPS tracking device on the defendant revealed that he went to a residential area and was nowhere near a doctor’s office, hospital or pharmacy. Accordingly, the defendant was taken into custody.
At each of three subsequent hearings, the trial court denied the defendant’s request to reinstate house arrest, and denied defendant’s multiple requests to reinstate the bond. On March 28, 2011, the State made an ore tenus motion with the court to deny any bond for the defendant. The trial court allowed the defendant to address the court on this issue, and then denied pretrial release and the defendant’s motion to set bond. As of today, the defendant has been in custody for more than nine months.
Under the Florida Constitution, a defendant charged with a criminal offense is entitled to bond as a matter of right:
Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.
Article I, § 14, Fla. Const.
The State argues the defendant meets the criteria for pretrial detention under section 907.041(4), which provides in pertinent part:
(c) The court may order pretrial detention if it finds a substantial probability, based on a defendant’s past and present patterns of behavior, the criteria in s. 903.0^6, and any other relevant facts, that any of the following circumstances exists:
[[Image here]]
7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial.
*477 However, a court is required to consider the requirements of section 907.041 and Florida Rules of Criminal Procedure 3.181 and 3.132 before denying a request for pretrial release. Specifically, the State must file a motion seeking pretrial detention within twenty-four hours of the defendant’s arrest. § 907.041(4)(e), (g); Fla. R.Crim. P. 3.132(c). The motion must set “forth with particularity the grounds and the essential facts on which pretrial detention is sought and [must certify] that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion.” Fla. R.Crim. P. 3.132(a). If “the State indicates to the court that it does not intend to file a motion for pretrial detention, ... or files a motion that is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)(1)” Id.; see, e.g., Rodriguez v. Jenne, 963 So.2d 933 (Fla. 4th DCA 2007) (granting petition for writ of habeas corpus because the State did not file a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132); Resendes v. Bradshaw, 935 So.2d 19 (Fla. 4th DCA 2006). At the evidentiary hearing on a motion for pretrial detention, it is the state attorney’s burden to establish a need for pretrial detention, beyond a reasonable doubt. Fla. R.Crim. P. 3.132(c)(1).
The State concedes the provisions of the pretrial detention statute and Rules of Criminal Procedure were not followed in this case, but urges us to affirm the trial court’s decision to detain the defendant because the defendant was given “notice and an opportunity to be heard” on his request for pretrial release following the violation of his monitored release. This argument is without merit.
A defendant who violates a condition of his pretrial release[1] forfeits his right to continued release under the original bond, but does not forfeit altogether his constitutional right to pretrial release. A trial court’s authority to hold the defendant without any bond is circumscribed by the provisions of section 907.041, see State v. Paul, 783 So.2d 1042 (Fla.2001), and the trial court must consider and follow the pertinent provisions of the pretrial detention statute, as well as Rules 3.131 and 3.132. Roby v. State, 795 So.2d 189 (Fla. 3d DCA 2001). “A final order of pretrial detention shall be entered only after a hearing ... [and] shall be held within 5 days of the filing of the motion or the date of taking the person in custody ... whichever is later.” Fla. R.Crim. P. 3.132(c)(1). The defendant “is entitled to be represented by counsel, to present witnesses and evidence and to cross-examine witnesses.” § 907.041(4)(h). Finally, the pretrial detention order “shall contain findings of fact and conclusions of law to support it.” § 907.041(4)(i); Fla. R.Crim. P. 3.132(2).
The State and the trial court failed to follow the above-stated statutory procedures and rules, and such a failure cannot be cured by the fact the defendant might have been given “notice and an opportunity to be heard” before being denied bond. “Although the breach of a bond condition provides the basis for revocation of the original bond, the trial court’s discretion to deny a subsequent application for a new bond is limited by the terms of [section 907.041].” Roby, 795 So.2d at 190 (quoting Paul, 783 So.2d at 1042).
*478 We grant the petition for writ of habeas corpus and remand this cause to the trial court. The State shall have no more than three business days following the issuance of this opinion to file a legally sufficient motion for pretrial detention. Should the State fail to file such a motion, the trial court shall immediately thereafter conduct a hearing pursuant to Rule 3.131 to determine appropriate conditions of release. The defendant shall remain in custody pending the determination of pretrial release or detention.
This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.

. This assumes, of course, that the bond condition which was violated did not constitute a criminal offense. See Fla. Stat. § 903.0471 (authorizing court, on its own motion, to "revoke pretrial release and order pretrial detention if the court finds probable cause to believe that the defendant committed a new crime while on pretrial release.”).