PER CURIAM.
Bruce D. Fuller petitions this court for a writ of habeas corpus, alleging the trial court erred when it revoked his pretrial release without notice and the benefit of a hearing. Fuller seeks the following relief: (a) an order that the original conditions of release be immediately reinstated, or (b) that he be immediately brought before the trial court for an immediate hearing to determine conditions of pretrial release. Although we do not find that Fuller is entitled to immediate release or an order that the original conditions of release be reinstated, we grant relief, in part, and hold that petitioner is entitled to notice and an opportunity to be heard in the trial court.
Fuller was charged by indictment with first degree murder, a capital offense, and sexual battery. He was granted pretrial release on $50,000 bond with, among other conditions, GPS and SCRAM (alcohol) monitoring. He was also ordered not to consume or possess alcohol. Two months after being granted pretrial release, the trial court received a “SCRAM violation report” indicating a “confirmed consumption of alcohol.” After receiving the violation report, the trial court, sua sponte, entered an order revoking Fuller’s pretrial release and set no bond on the warrant ordering him into custody. When Fuller turned himself in on the warrant, his attorney filed an emergency motion to reinstate conditions of release. The motion was denied without a hearing.
*1278 At the outset, we note that Fuller is charged with a capital offense and thus, is not entitled to pretrial release if the proof of guilt is evident or the presumption is great. See Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131(a). However, the trial court may, in its discretion, grant pretrial release and did so here. Fuller claims that because he was initially granted pretrial release, he was entitled to notice and an opportunity to be heard before the trial court revoked his pretrial release and ordered him held without bond. We agree.[1] Although breaching a condition of the bond originally set by the court forfeits a defendant’s right to continued release under the terms of that bond, it does not forfeit the constitutional right to bail altogether. State v. Paul, 783 So.2d 1042, 1050 (Fla.2001). A refusal to readmit a defendant to any bail at all must be subject to the limitations of section 907.041, the pretrial detention statute. Id. Accordingly, we grant the writ and quash the order denying Fuller’s motion to reinstate conditions of release, and remand for hearing on the motion, at which time the trial court shall consider whether pretrial detention is warranted under section 907.041, Florida Statutes. See Perrys v. State, 22 So.3d 740 (Fla. 1st DCA 2009).
PETITION GRANTED.
TORPY, C.J., LAWSON and BERGER, JJ., concur.

. We decline to issue a blanket ruling requiring a hearing in every case where the trial court is presented with evidence that a defendant has violated a condition of pretrial release.