ROTHENBERG, J.
The defendant, Brandon Bratton, who was charged with aggravated assault with a firearm and released on a $7,500 bond pending trial, petitions this Court for a writ of habeas corpus based on his current “no bond” status. Although the defendant does not dispute, and we do not find, that the trial court erred by revoking his bond when he failed to appear for a pretrial sounding after receiving both oral and written notice, he contends he is entitled to a full hearing and findings by the trial court pursuant to sections 907.041 and 903.046, Florida Statutes (2014), before pretrial detention may be required based on the motion he filed under Florida Rule of Criminal Procedure 3.131(d).
In State v. Paul, 783 So.2d 1042, 1051 (Fla.2001), the Florida Supreme Court held that when a defendant breaches a bond condition and his bond is revoked, the trial court may deny the defendant’s subsequent request for a new bond, but the trial court’s discretion is limited by Florida statutes. Section 907.041(4)(c)(7) provides that:
(c) The court may order pretrial detention if it finds a substantial probability, based on a defendant’s past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exist:
[[Image here]]
7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial[.]
Among the criteria in section 903.046 that the trial court may consider is “[t]he defendant’s past and present conduct, including ... failure to appear at court proceedings.” § 903.046(2)(d).
The record reflects that although the trial court conducted the hearing requested by the defendant, it failed to make the requisite findings. We, therefore, grant the petition and remand to the trial court to conduct another hearing wherein the defendant and the State may present additional evidence and/or arguments relevant to the defendant’s pretrial detention, and for the trial court to address and make the requisite findings. The trial court must conduct this hearing within a reasonable time or release the defendant. See Ginsberg v. Ryan, 60 So.3d 475, 477 (Fla. 3d DCA 2011); see also Roby v. State, 795 So.2d 189, 190 (Fla. 3d DCA 2001). This Court’s ruling does not preclude the filing of a motion or presentation of evidence by the State to seek pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132(b).
Petition granted.