EMAS, J.
Petitioner Jorge Guzman has filed a petition seeking issuance of a writ of habeas corpus, to remedy his alleged illegal incarceration. Guzman asserts that the trial court ordered him to be held without bond, without conducting a proper hearing, and without making the necessary findings required under sections 907.041 and 903.046, Florida Statutes (2017), and Florida Rules of Criminal Procedure 3.131 and 3.132.
The material facts are not in dispute: While out of custody[1] awaiting trial on his case, Guzman failed to appear in court on January 18, 2017. An alias capias warrant was issued for his failure to appear, and he was subsequently arrested on that warrant on February 9, 2017. He remained in custody and, on February 10, was taken before the trial judge. At that hearing, Guzman’s counsel requested that the court set a bond in the case, and advised the court that this was the first time Guzman had failed to appear in court. The trial court denied the request for bond, ordered that Guzman be held without bond, and set the case for trial. The trial court conducted no further hearing and made no findings in support of its denial of Guzman’s request for bond.
This petition followed and, commendably, the State has conceded error in this regard. Florida law mandates that, before a court may order a defendant held without bond (i.e., pretrial detention) under these circumstances, the trial court must find
a substantial probability, based upon a defendant’s past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that ...
The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of release can reasonably protect *1100 the community from risk of physical harm to persons or assure the presence of the accused at trial.
§ 907.041(4)(c)7., Fla. Stat. (2017). See also Art. I, § 14, Fla. Const.; Fla. R. Crim. P. 3.131(a); State v. Blair, 39 So.3d 1190 (Fla. 2010); Mendoza v. Cross, 143 So.3d 1155 (Fla. 3d DCA 2014); Ginsberg v. Ryan, 60 So.3d 475 (Fla. 3d DCA 2011).
The trial court in the instant case failed to conduct a sufficient hearing and failed to make the requisite findings that Guzman willfully violated a condition of his pretrial release and that no condition of release could reasonably protect the community from risk of physical harm to persons or assure Guzman’s presence at trial. Further, the State had not filed any motion for pretrial detention pursuant to rule 3.132.
We therefore grant the petition and quash the order below, but withhold formal issuance of the writ. Consistent with this opinion, the trial court shall immediately conduct a hearing to consider Guzman’s jnotion for bond or other conditions of pretrial release, make the necessary findings, and issue an order as may be appropriate. This opinion shall become effective immediately, notwithstanding the filing of any motion for rehearing.

. It is unclear whether Guzman’s initial pretrial release was on monetary (i.e,, bond) or non-monetary (e.g., release on recognizance) conditions. However, it is clear that his pretrial release was revoked when he failed to appear in court on January 18, 2017.