# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1320
Lower Tribunal No. 13-1105
_____

**Jose Sardinas,**
Petitioner,

vs.

**Daniel Junior, Director, Miami-Dade Corrections and
Rehabilitation Department, and The State of Florida,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and James Odell, Assistant Public Defender, for petitioner.

Pamela Jo Bondi, Attorney General, and Sandra Lipman, Assistant Attorney General, for respondent The State of Florida.

Before SALTER, LOGUE, and LINDSEY, JJ.

LINDSEY, J.

Jose Sardinas petitions this Court to issue a writ of habeas corpus ordering the trial court to set conditions for his pretrial release. For the reasons set forth below, we deny the petition.

Mr. Sardinas was arrested on January 15, 2018 and charged with aggravated assault with a deadly weapon. Since that time, Mr. Sardinas has failed to comply with the conditions of his pretrial release on at least three separate occasions. His most recent arrest stems from an alias capias issued on December 4, 2015 and served on June 15, 2018.

On June 24, 2018, Mr. Sardinas' counsel filed a motion entitled, Motion to Instate Bond, requesting that a bond be set and contending that the trial court cannot hold him in pretrial detention without a written motion filed by the State. The next day, on June 25, 2018, the State filed a motion entitled, State's Motion to Revoke the Defendant's Bond Pursuant to Rule 3.131, wherein the State asserted that:

> There has been a change in circumstances since the First Appearance Judge heard bond arguments: the Defendant has absconded the Honorable Court for over two years, demonstrating that the Defendant poses an increased risk of flight. This Court is bound to consider any condition deemed necessary to assure a defendant's appearance as required, and the penalty the Defendant now faces increased flight liability since he has absconded this Court over two years. Therefore, the Defendant's bond should reflect accordingly to assure his presence in court.

2

The trial court heard both motions on June 25, 2018. At the hearing, Mr. Sardinas, through counsel, represented that he has family in the community, is not working, was originally released to the pretrial intervention (PTI) program, that there were "some failures to appear," and that his bond was revoked on December 4, 2015. He further represented, through counsel, that he was willing to comply with any requirement of the court, including house arrest with a monitor, yet was unable to provide a current address.

The State argued that the only way to secure Mr. Sardinas' presence before the court was to hold him in custody and expressed concern over the number of years he had been absent from the court, that he was a flight risk and, that even on house arrest, there would be no way to know where he is staying.

At the conclusion of the hearing, the trial court stated: "Under the circumstances, the [c]ourt is going to hold the defendant no bond and make a finding that there is no condition of release that I can set that will reasonably assure his appearance and the safety of the community against the factual background I just reviewed." The trial court based its determination to hold Mr. Sardinas on the fact that: (1) it's "a case involving violence," (2) he is not "a native and a citizen of the United States," (3) he "has been missing for about three years from the proceedings in this case, since the AC [alias capias]," (4) he is not employed, and (5) he is homeless which gives rise to a concern that "we wouldn't

3

know where to find him potentially." On June 29, 2018, the instant petition was filed.

In the petition, Mr. Sardinas contends that the State's motion was facially insufficient to initiate pretrial detention proceedings pursuant to section 907.041, Florida Statutes (2018), and Florida Rule of Criminal Procedure 3.131. As such, Mr. Sardinas contends that "[w]hen the State does not file a motion for pretrial detention a court 'is not authorized to impose pretrial detention.'" Resendes v. Bradshaw, 935 So. 2d 19, 20 (Fla. 4th DCA 2006).

In Bratton v. Ryan, this Court explained that:

> In State v. Paul, 783 So. 2d 1042, 1051 (Fla. 2001), the Florida Supreme Court held that when a defendant breaches a bond condition and his bond is revoked, the trial court may deny the defendant's subsequent request for a new bond, but the trial court's discretion is limited by Florida statutes. Section 907.041(4)(c)(7) provides that:
>
> > (c) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exist:
> >
> > . . . .
> >
> > 7. The defendant has violated one or more conditions of pretrial release or bond for the offense currently before the court and the violation, in the discretion of the court, supports a finding that no conditions of

4

> release can reasonably protect the community from risk of physical harm to persons or assure the presence of the accused at trial[.]
>
> Among the criteria in section 903.046 that the trial court may consider is "[t]he defendant's past and present conduct, including . . . failure to appear at court proceedings." § 903.046(2)(d).

133 So. 3d 1158, 1159 (Fla. 3d DCA 2014) (alterations in original).

In Bratton, the defendant's bond was revoked for failing to appear for a pretrial sounding after receiving notice. Id. at 1159. The defendant contended he was "entitled to a full hearing and findings by the trial court pursuant to sections 907.041 and 903.046, Florida Statutes (2014)[.]" Id. This Court granted the petition and reversed because the trial court failed to make the requisite findings. Id.

Here, the trial court considered at least five factors in determining that no conditions of release can reasonably protect the community from risk of physical harm to persons *or* assure the presence of the accused at trial. Further, the transcript of the hearing reflects that the following exchange occurred between the trial court and Mr. Sardinas' counsel:

> THE COURT: Okay, and the State didn't actually move for pretrial detention, right?
>
> [MR. SARDINAS' COUNSEL]: Correct, Your Honor.

5

THE COURT: Okay. So you want me to review it and set a bond if that's appropriate, right?

[MR. SARDINAS' COUNSEL]: Yes, Your Honor.

THE COURT: Okay. Tell me Mr. Sardinas's background; tell me a little bit about his - - his ties to the community, his background.

What was the original bond set at and what - - even if I feel that it was a willful failure to appear, you maintain that I still should take a look at it, and see if there's appropriate bond that can be set, right?

[MR. SARDINAS' COUNSEL]: Correct, Your Honor.

THE COURT: Okay. So tell me a little bit about your client - -

. . . .

THE COURT: Okay. Any other things you need to tell me before I hear from the State?

[MR. SARDINAS' COUNSEL]: No, Your Honor.

. . . .

THE COURT: Okay. State, what do you want to tell me about this from your perspective?

[THE STATE]: Your Honor, so from a procedural standpoint first, in case it was not clear in the past, the State is making a motion to increase or revoke the defendant's bond - -

THE COURT: Okay.

[THE STATE]: So there'd be a point that they're asking for a written motion, the State does have a written motion today.

THE COURT: Okay.

[THE STATE]: If that pleases the Court and pleases the defense attorney, so now it is in writing that we are requesting to revoke the defendant's bond pursuant to Rule 3.131.

THE COURT: Okay, if you do that, aren't the - - is - - procedurally, are they entitled to some additional time? I don't know if they want to have it heard today or not?

[THE STATE]: Your honor, if they do want additional time, it's fine. This is a standard motion. . . .

To the extent Mr. Sardinas alleges in the instant petition that the trial court could not order pretrial detention absent a written motion filed by the State, the State expressly clarified on the record that it had filed a written motion and was seeking to revoke Mr. Sardinas' bond pursuant to Rule 3.131. Further once the State made clear on the record that it was seeking to have Mr. Sardinas held in custody, there was neither an objection to the form of the State's request nor a request for a different form of written motion.

In addition, the trial court specifically raised the issue as to whether Mr. Sardinas needed additional time to respond to the State's motion (to which the State responded it had no objection). The trial court then inquired as to whether Mr. Sardinas wanted the court to hear the State's motion or whether he needed additional time to respond. Although Mr. Sardinas did argue, through counsel, for

some form of pretrial release, he neither objected to the State's motion being heard

nor accepted the trial court's invitation to take additional time.

PETITION DENIED.