# Third District Court of Appeal

## State of Florida

Opinion filed May 7, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1052
Lower Tribunal Nos. F20-10110, F20-9649
_____

**Rosniel Orfelia,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.


A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and James Odell, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Kayla Heather McNab, Assistant Attorney General, for respondent The State of Florida.


Before EMAS, C.J., and SCALES and LOBREE, JJ.

EMAS, C.J.

In the instant petition for writ of habeas corpus, Rosniel Orfelia contends he is being held illegally. Petitioner was charged with three third-degree felonies, and had been released to electronically monitored house arrest. He was returned to custody after his pretrial release officer filed an affidavit alleging that, on two occasions, petitioner left home without an approved schedule. There was no allegation that petitioner had committed a new criminal offense while on pretrial release. At the hearing, held after petitioner was returned to custody, the trial court revoked petitioner's pretrial release. The State orally requested that the trial court deny petitioner any further bond or pretrial release. The defense requested that the trial court set a new bond, given that petitioner was charged with bondable offenses and there was no allegation that he had committed a new offense while out on pretrial release. The trial court denied the request to set a new bond, and petitioner continues to be held in custody without bond.

The circumstances of the instant case—the offenses with which petitioner is charged are all bondable as a matter of right; petitioner's pretrial release to electronic monitoring was revoked for violating a condition of release, but not for an alleged commission of a new offense;[1] and the State

---

[1] See § 903.0471, Fla. Stat. (2021) (providing that a trial court "may, on its own motion revoke pretrial release and order pretrial detention if the court

2

has not filed a motion for pretrial detention—render it indistinguishable from Ginsberg v. Ryan, 60 So. 3d 475 (Fla. 3d DCA 2011), in which we granted a similar petition for writ of habeas corpus. As we held in Ginsberg, and reaffirm here:

> A defendant who violates a condition of his pretrial release forfeits his right to continued release under the original bond, but does not forfeit altogether his constitutional right to pretrial release. A trial court's authority to hold the defendant without any bond is circumscribed by the provisions of section 907.041, see State v. Paul, 783 So. 2d 1042 (Fla.2001), and the trial court must consider and follow the pertinent provisions of the pretrial detention statute, as well as Rules 3.131 and 3.132. Roby v. State, 795 So. 2d 189 (Fla. 3d DCA 2001). "A final order of pretrial detention shall be entered only after a hearing ... [and] shall be held within 5 days of the filing of the motion or the date of taking the person in custody ... whichever is later." Fla. R. Crim. P. 3.132(c)(1). The defendant "is entitled to be represented by counsel, to present witnesses and evidence and to cross-examine witnesses." § 907.041(4)(h). Finally, the pretrial detention order "shall contain findings of fact and conclusions of law to support it." § 907.041(4)(i); Fla. R. Crim. P. 3.132(2).

Id. at 477.

We therefore grant the petition for writ of habeas corpus and remand this cause to the trial court. The State shall have no more than three business days following the issuance of this opinion to file a legally sufficient motion for pretrial detention. Should the State fail to file such a motion, the

---

finds probable cause to believe that the defendant committed a new crime while on pretrial release.")

3

trial court shall immediately thereafter conduct a hearing pursuant to Rule 3.131 to determine appropriate conditions of release. The defendant shall remain in custody pending the determination of pretrial release or detention.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.