# Third District Court of Appeal

## State of Florida

Opinion filed May 11, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1025
Lower Tribunal No. F20-5277
_____

**Jacarie Joseph,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and James Odell, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Brian H. Zack, Assistant Attorney General, for respondent The State of Florida.

Before LINDSEY, MILLER and BOKOR, JJ.

BOKOR, J.

Jacarie Joseph seeks habeas relief after being returned to custody for violating a condition of his pretrial release. The State did not allege he

committed a new offense, rather, the State alleges Joseph violated the conditions of his house arrest. The State made an ore tenus motion to revoke bond, which the trial court granted after several hearings. The State did not file a written motion, nor did the trial court make factual findings to support its decision. The State concedes error:

> In Ginsberg v. Ryan, 60 So. 3d 475, 476-77 (Fla. 3d DCA 2011), this Court held that a trial court's authority to hold a defendant without bond is circumscribed by the requirements of section 907.041, Florida Statutes, and Florida Rules of Criminal Procedure 3.131 and 3.132. Pursuant to Rule 3.131(b)(1), a motion for pretrial detention must be filed before a defendant is eligible to be held without bond. Id. at 476-77; Golden v. Crow, 862 So. 2d 903 (Fla. 2d DCA 2003).
>
> Section 907.041(4)(e), Florida Statutes, mandates that the State file a motion seeking pretrial detention. Ginsberg v. Ryan, 60 So. 3d 475, 477 (Fla. 3d DCA 2011) (citing § 907.041(4)(e), Fla. Stat. (2020)). The court must then hold a pretrial detention hearing within five days of the State's filing of the motion seeking pretrial detention. § 907.041(4)(f), Fla. Stat. (2020).
>
> [...]
>
> The proper remedy is a remand to the trial court so that it can comply with this Court's precedent and the requirements of section 907.041(4)(c)(7). Under similar circumstances, this Court and other district courts have remanded so that the lower court can comply with the requirements set forth in section 907.041 and Rules 3.131 and 3.132. See Ginsberg, 60 So. 3d at 478 ("We grant the petition for writ of habeas corpus and remand this cause to the trial court. The State shall have no more than three business days following the issuance of this opinion to file a legally sufficient motion for pretrial detention."); Fuller v. State, 116 So. 3d 1277, 1278 (Fla. 5th DCA 2013) (remanded for rehearing on motion); Buhbut v. Bieluch, 835 So. 2d 1222, 1223

(Fla. 4th DCA 2003) (remanding for expedited hearing to determine if conditions of bond were violated).

State's May 7, 2021 Response to Order to Show Cause at 4-5, 6-7. We agree that <u>Ginsberg</u> applies equally here.[1]  Accordingly, we grant the petition for a writ of habeas corpus and remand this cause to the trial court.

The State shall have no more than three business days following the issuance of this opinion to file a legally sufficient motion for pretrial detention. If the State files no timely motion, the trial court shall immediately conduct a hearing pursuant to Florida Rule of Criminal Procedure 3.131 to determine appropriate conditions of release. The defendant shall remain in custody pending the determination of pretrial release or detention.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.

---

[1] The Court recently addressed a remarkably similar circumstance in <u>Orfelia v. Junior</u>, No. 3D21-1052 (Fla. 3d DCA May 7, 2021) (Emas, C.J.) (reaffirming <u>Ginsberg</u>, granting mandamus relief, and ordering the State to file a legally sufficient motion for pretrial detention within three business days and requiring the trial court to conduct a hearing thereon).