# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1355
Lower Tribunal No. F21-3740
_____

**Wesley Ward,**
Petitioner,

vs.

**Daniel Junior, etc., et al.,**
Respondents.

A Case of Original Jurisdiction – Habeas Corpus.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for petitioner.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for respondent The State of Florida; and Abigail Price-Williams, Miami-Dade County Attorney and Benjamin D. Simon, Assistant County Attorney, for respondent Daniel Junior.

Before EMAS, C.J., and HENDON, and MILLER, JJ.

MILLER, J.

Petitioner, Wesley Ward, seeks relief in habeas corpus, contending he is being illegally detained in custody without bond. Following our own independent review of the record and the State's proper concession of error, we grant the petition.

Ward was charged by information with possession of a concealed weapon by a convicted felon, in violation of sections 790.23(1)(a) and 775.087(4), Florida Statutes, and possession of a controlled substance, in violation of section 893.13(6)(a), Florida Statutes. The lower tribunal initially set a monetary bond, but, after Ward sought a bond modification, he was released on house arrest. Ward then violated the conditions of his release and was ordered back into custody, to be held without bond. A motion to reinstate previous release conditions proved unfruitful, and the instant petition ensued.

Article I, section 14 of the Florida Constitution provides,

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

Echoing these principles, Florida Rule of Criminal Procedure 3.131 states,

2

Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. . . . If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

Here, it is axiomatic Ward was charged with bondable offenses. He committed no new law violation, and the State failed to file a written motion for pretrial detention. See § 907.041(4)(c)(5), Fla. Stat. As we held in Ginsberg v. Ryan, 60 So. 3d 475, 477 (Fla. 3d DCA 2011) and numerous cases since,

A defendant who violates a condition of his pretrial release forfeits his right to continued release under the original bond, but does not forfeit altogether his constitutional right to pretrial release. A trial court's authority to hold the defendant without any bond is circumscribed by the provisions of section 907.041, see State v. Paul, 783 So. 2d 1042 (Fla. 2001), and the trial court must consider and follow the pertinent provisions of the pretrial detention statute, as well as Rules 3.131 and 3.132. Roby v. State, 795 So. 2d 189 (Fla. 3d DCA 2001). "A final order of pretrial detention shall be entered only after a hearing . . . [and] shall be held within [five] days of the filing of the motion or the date of taking the person in custody . . . whichever is later." Fla. R. Crim. P. 3.132(c)(1). The defendant "is entitled to be represented by counsel, to present witnesses and evidence and to cross-examine witnesses." § 907.041(4)(h). Finally, the pretrial detention order "shall contain findings of fact and conclusions of law to support it." § 907.041(4)(i); Fla. R. Crim. P. 3.132(2).

3

See Joseph v. Junior, No. 3D21-1025, 46 Fla. L. Weekly D1103 (Fla. 3d DCA May 11, 2021); Orfelia v. Junior, 3D21-1052, 46 Fla. L. Weekly D1065 (Fla. 3d DCA May 7, 2021); Guzman v. Junior, 211 So. 3d 1098, 1099 (Fla. 3d DCA 2017); Bratton v. Ryan, 133 So. 3d 1158, 1159 (Fla. 3d DCA 2014).

Accordingly, we grant the petition for writ of habeas corpus and remand this cause to the trial court. The State shall have no more than three business days following the issuance of this opinion to file a legally sufficient motion for pretrial detention. Should the State fail to file such a motion, the trial court shall immediately conduct a hearing pursuant to Florida Rule of Criminal Procedure 3.131 to determine appropriate conditions of release. The defendant shall remain in custody pending the determination of pretrial release or detention.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.