# Third District Court of Appeal

## State of Florida

Opinion filed October 14, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1669
Lower Tribunal No. F22-6632
_____

## Jose Alcazar,
Petitioner,

vs.

## The State of Florida,
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Law Offices of Jason T. Forman, P.A., Jason T. Forman and Dalianett Corrales (Fort Lauderdale), for petitioner.

Ashley Moody, Attorney General, and Katryna Santa Cruz, Assistant Attorney General, for respondent.


Before FERNANDEZ, C.J., and GORDO and LOBREE, JJ.

GORDO, J.

Jose Alcazar petitions this Court for a writ of habeas corpus arguing the trial court improperly granted the State's motion for pretrial detention. We have jurisdiction. Fla. R. App. P. 9.030(b)(3). We grant the petition for writ of habeas corpus and remand to the trial court for proceedings consistent with this opinion.

In April 2022, the State of Florida filed an information and charged Alcazar—a correctional officer—with solicitation of first-degree murder, introduction of contraband into a state correctional institution, unlawful use of a communications device in commission of a felony, two counts of unlawful compensation and armed possession of cocaine with the intent to sell, manufacture, or deliver. The State subsequently filed a motion for pretrial detention pursuant to Florida Rule of Criminal Procedure 3.132 and section 907.041, Florida Statutes. Alcazar then filed a motion to set bond.

The trial court held a full evidentiary hearing and granted the motion for pretrial detention pursuant to section 907.041(4)(c)5., Florida Statutes. In doing so, it found Alcazar was presently charged with a dangerous crime, there was a substantial probability that Alcazar committed the crime, the factual circumstances demonstrated Alcazar's disregard for the safety of the victim and community, that Alcazar was a threat to both and there

2

were no conditions of release that could assure the safety of the victim and community from the risk of physical harm.

Alcazar filed a motion for reconsideration which the trial court ultimately denied finding no conditions of release could assure the safety of the victim and community.  This petition followed.

## I.  STANDARD OF REVIEW

"A petition for writ of habeas corpus is the proper vehicle to challenge an order of pretrial detention or release."  Hodges v. State, 327 So. 3d 923, 924 (Fla. 3d DCA 2021).  We review de novo legal conclusions regarding the meaning of a statute.  BellSouth Telecomm., Inc. v. Meeks, 863 So. 2d 287, 289 (Fla. 2003) ("Statutory interpretation is a question of law subject to de novo review.").  We review the trial court's factual determinations under an abuse of discretion standard and look to determine whether competent substantial evidence exists in the record to support the trial court's findings of fact.  See Garcia v. Junior, 325 So. 3d 220, 222 (Fla. 3d DCA 2021).

## II.  TRIAL COURT'S FACTUAL FINDINGS

"[I]n reviewing the record for abuse of discretion, we only determine if the facts in evidence provide competent substantial evidence for each of the trial court's findings."  Garcia, 325 So. 3d at 226.  Here, the trial court found pretrial detention was warranted pursuant to section 907.041(4)(c)5.,

3

because: (1) Alcazar was charged with a dangerous crime; (2) there was a substantial probability Alcazar committed the crime based on the evidence and testimony provided by the State; (3) the factual circumstances showed a disregard for the safety of the victim and community and Alcazar posed a significant threat to both; and (4) there were no conditions of release that could assure the safety of the victim and community.

## A. Substantial Probability Alcazar Committed Solicitation of First-Degree Murder

The trial court found a substantial probability that Alcazar committed solicitation of first-degree murder based on the evidence presented at the hearing. The State presented testimony from a State Attorney Investigator, an undercover officer who met with Alcazar and recordings of all conversations that occurred between the undercover officer and Alcazar during the solicitation. We find no abuse of discretion in the trial court's finding that a substantial probability exists that Alcazar committed the crime.

## B. Disregard for the Safety of the Victim and Community

The trial court next found the factual circumstances demonstrated Alcazar's disregard for the safety of this victim and the community. Here, the State presented evidence that Alcazar paid the undercover officer to

4

surveil the intended victim, wanted the intended victim's murder to look like a robbery and paid the undercover officer in furtherance of the solicitation. Under these circumstances, we find the trial court did not abuse its discretion in finding Alcazar had a disregard for the safety of this victim and the community.

**C. There Were No Conditions of Release Reasonably Sufficient to Protect the Community and the Victim From the Risk of Physical Harm—No Ties To the Community**

The trial court finally found that no conditions of release were reasonably sufficient to protect the community and victim from the risk of physical harm. The State presented evidence that Alcazar had no connection to Miami-Dade County and significant connections to Mexico. Evidence adduced at the hearing showed Alcazar was a Mexican citizen and had traveled to Mexico approximately eleven times in the last three years. It further provided evidence that a GPS monitoring system could not sufficiently restrain Alcazar to assure the safety of the victim and community because notifications of tampering or flight could be delayed by over a day. As such, we find the trial court did not abuse its discretion in finding that no conditions of release were reasonably sufficient to protect the community and victim from the risk of physical harm.

## III. TRIAL COURT'S LEGAL CONCLUSIONS

In Florida, an accused has the right to obtain their release pending trial pursuant to article I, section 14, of the Florida Constitution, which provides:

> Unless charged with a capital offense or an offense punishable by life imprisonment and the proof of guilt is evident or the presumption is great, every person charged with a crime or violation of municipal or county ordinance shall be entitled to pretrial release on reasonable conditions. If no conditions of release can reasonably protect the community from risk of physical harm to persons, assure the presence of the accused at trial, or assure the integrity of the judicial process, the accused may be detained.

Art. I, § 14, Fla. Const. "The 'capital or life offense' exception applies when a person is charged with a crime punishable by capital punishment or life imprisonment, and the State can demonstrate 'the proof of guilt is evident or the presumption is great.' The 'pretrial detention' exception applies when, regardless of the level of crime charged, the State can demonstrate that no conditions of release will protect the community, ensure the presence of the accused at trial, or assure the integrity of the judicial process." Thourtman v. Junior, 275 So. 3d 726, 731 (Fla. 3d DCA 2019). The Florida Legislature has "provided comprehensive guidelines for when an original application for bail may be denied as codified in section

6

907.041, Florida Statutes." State v. Blair, 39 So. 3d 1190, 1192 (Fla. 2010).

Section 907.041 states "[i]t is the intent of the Legislature to create a presumption in favor of release on nonmonetary conditions for any person who is granted pretrial release unless such person is charged with a dangerous crime as defined in subsection (4)." § 907.041(3)(a), Fla. Stat. Section 907.041(4) provides:

> **(a) As used in this subsection, "dangerous crime" means any of the following:**
> 1. Arson;
> 2. Aggravated assault;
> 3. Aggravated battery;
> 4. Illegal use of explosives;
> 5. Child abuse or aggravated child abuse;
> 6. Abuse of an elderly person or disabled adult, or aggravated abuse of an elderly person or disabled adult;
> 7. Aircraft piracy;
> 8. Kidnapping;
> 9. Homicide;
> 10. Manslaughter;
> 11. Sexual battery;
> 12. Robbery;
> 13. Carjacking;
> 14. Lewd, lascivious, or indecent assault or act upon or in presence of a child under the age of 16 years;
> 15. Sexual activity with a child, who is 12 years of age or older but less than 18 years of age, by or at solicitation of person in familial or custodial authority;
> 16. Burglary of a dwelling;
> 17. Stalking and aggravated stalking;

7

18. Act of domestic violence as defined in s. 741.28;
19. Home invasion robbery;
20. Act of terrorism as defined in s. 775.30;
21. Manufacturing any substances in violation of chapter 893;
22. Attempting or conspiring to commit any such crime; and
23. Human trafficking.

§ 907.041(4)(a), Fla. Stat. (emphasis added)

The State argued for, and the trial court ordered pretrial detention based on section 907.041(4)(c)5. which states:

> (c) The court may order pretrial detention if it finds a substantial probability, based on a defendant's past and present patterns of behavior, the criteria in s. 903.046, and any other relevant facts, that any of the following circumstances exist:
> . . .
> 5. The defendant poses the threat of harm to the community. The court may so conclude, if it finds that **the defendant is presently charged with a dangerous crime**, that there is a substantial probability that the defendant committed such crime, that the factual circumstances of the crime indicate a disregard for the safety of the community, and that there are no conditions of release reasonably sufficient to protect the community from the risk of physical harm to persons;
> . . .

§ 907.041(4)(c)5., Fla. Stat. (emphasis added).

The plain language of this section 907.041(4)(c)5. establishes that a trial court can order pretrial detention under that section if it finds the defendant "is presently charged with a dangerous crime."       §

8

907.041(4)(c)5., Fla. Stat. Here, the trial court, relying on <u>Watkins v. Lamberti</u>, 82 So. 3d 825, 826 (Fla. 4th DCA 2011), found solicitation of first-degree murder constituted a dangerous crime. Our Court, however, has previously found a dangerous crime can only be one that is enumerated in section 907.041(4)(a). <u>See</u> <u>Hodges v. State</u>, 327 So. 3d 923, 925 (Fla. 3d DCA 2021) ("Section 907.041, Florida Statutes, contains an **exhaustive list** of those crimes deemed by the legislature sufficiently dangerous to demonstrate the accused poses a risk of harm to the community.") (emphasis added).

Solicitation of first-degree murder is not listed as a dangerous crime under section 907.041(4)(a). The State urges this Court to follow <u>Watkins</u> and determine solicitation of first-degree murder is a dangerous crime, but we are limited by the language of the statute.[1] Section 907.041(4)(a) specifically provides a list of crimes that qualify as dangerous crimes "as used in this subsection." While the Legislature explicitly included attempt and conspiracy in the "dangerous crimes" definition, it omitted solicitation. Based on the plain language of the statute, we find no basis to expand the

[1] Even if we were inclined to follow <u>Watkins</u>, which we are not, a panel of this Court is not free to deviate from a holding on the same issue that was rendered by a prior panel.

list of enumerated "dangerous crimes" to cover a crime specifically excluded from the definition.

The State also argues there was sufficient competent, substantial evidence presented for the trial court to find Alcazar's solicitation of murder became attempted murder. Review of the record, transcripts and the trial court's order, however, show no such finding was made and we decline the invitation to do so in the first instance here. Further, the information only lists solicitation of first-degree murder.

"A trial court's authority to hold the defendant without any bond is circumscribed by the provisions of section 907.041, and the trial court must consider and follow the pertinent provisions of the pretrial detention statute, as well as [Florida Rules of Criminal Procedure] 3.131 and 3.132." Ginsberg v. Ryan, 60 So. 3d 475, 477 (Fla. 3d DCA 2011) (internal citations omitted). Essentially, "a court is required to consider the requirements of section 907.041 and [rules] 3.131 and 3.132 before denying a request for pretrial release." Id.

Rules 3.131 and 3.132 provide the proper procedure for a trial court to deny a request for pretrial release. Initially, the State must file a motion seeking pretrial detention within twenty-four hours of the defendant's arrest. Fla. R. Crim. P. 3.132(a); § 907.041(4)(e), (g). The motion must set "forth

with particularity the grounds and the essential facts on which pretrial detention is sought and [must certify] that the state attorney has received testimony under oath supporting the grounds and the essential facts alleged in the motion." Fla. R. Crim. P. 3.132(a). If "the State indicates to the court that it does not intend to file a motion for pretrial detention, . . . or files a motion that is facially insufficient, the judicial officer shall proceed to determine the conditions of release pursuant to the provisions of rule 3.131(b)." Fla. R. Crim. P. 3.132(a).

If, however, "the motion for pretrial detention is facially sufficient, the judicial officer shall proceed to determine whether there is probable cause that the person committed the offense. If probable cause is found, the person may be detained in custody pending a final hearing on pretrial detention." Fla. R. Crim. P. 3.132(a). At the final hearing, the State "has the burden of showing beyond a reasonable doubt the need for pretrial detention pursuant to the criteria in section 907.041, Florida Statutes." Fla. R. Crim. P. 3.132(c)(1).

We therefore grant the petition for habeas corpus and remand this cause to the trial court. The State shall have no more than three business days following the issuance of this opinion to file a legally sufficient motion for pretrial detention. Should the State fail to file such a motion, the trial

11

court shall immediately thereafter conduct a hearing pursuant to rule 3.131 to evaluate the appropriate conditions of release or detention. The defendant shall remain in custody pending the determination of pretrial release or detention.

This opinion shall take effect immediately notwithstanding the filing or disposition of any motion for rehearing.

Granted.